DRAKE *v.* DRAKE.

DIVORCE — APPEAL AND ERROR — ABUSE OF DISCRETION — PARTIAL RETURN OF RECORD IN COURT BELOW.

Whether the trial judge abused his discretion in declining to grant a rehearing in a divorce case for the purpose of readjusting plaintiff's property rights under the decree granted, *held*, impossible to decide, where only part of the testimony taken in the court below is before the Supreme Court.[1]

Appeal from St. Clair; Law (Eugene F.), J.    Sub-

[1]Divorce, 19 C. J. § 470 (1926 Anno).

mitted October 15, 1924.    (Docket No. 96.)    Decided December 10, 1924.    Rehearing denied April 3, 1925.

Bill by Lillie M. Drake against Charles H. Drake for a divorce.    There was a decree for plaintiff. From an order denying a motion for a rehearing respecting alimony, plaintiff appeals.    Affirmed.

*Myron J. Dikeman,* for plaintiff.

*Lungerhausen, Weeks & Lungerhausen,* for defendant.

MOORE, J.    A decree of divorce was granted in this case and the property rights of the parties were settled in a decree filed February 25, 1924.    No claim of appeal was made within the time limited by the statute.    On May 19, 1924, a motion was made for a rehearing by the plaintiff on the claim that her property rights had not been properly adjusted in the divorce decree.    On June 14, 1924, the motion for a rehearing was denied.    June 21, 1924, reasons for denying a motion for a rehearing were filed.    June 21, 1924, a claim of appeal to this court was filed. In the certificate of the circuit judge attached to the record appears the following:

"I hereby certify that the foregoing is a part of the proceedings, as presented at the hearing of said motion for new trial in said cause.  *  *  *  That the foregoing case as settled by me contains a part of the testimony in said cause, and proceedings relating to said motion for rehearing of the case, upon which the order was made."

It is difficult to see how this court could intelligently decide whether the trial judge had abused his discretion in declining to grant a rehearing when some of the testimony which was before him is not before us.

There are other questions presented by the record which we do not pass upon.

The decree of the court below is affirmed, with costs to the appellee.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.